**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

| | | |
|---|---|---|
| KANDRA C. ALBURY, an individual, | : | [__ Civ. ____ (___)(___)] |
| Plaintiff, | : | |
| v. | : | **COMPLAINT** |
| NORTH CENTRAL FLORIDA NEURODIAGNOSTIC SERVICES, LLC dba NCF DIAGNOSTICS & DNA TECHNOLOGIES | : | |
| Defendant. | : | |

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**COMPLAINT & DEMAND FOR JURY TRIAL**

KANDRA C. ALBURY ("Plaintiff", "ALBURY"), by and through her attorneys, alleges and states as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, ALBURY, brings this action against NORTH CENTRAL FLORIDA NEURODIAGNOSTIC SERVICES, LLC d/b/a NCF DIAGNOSTICS & DNA TECHNOLOGIES (hereinafter, "Defendant" or "NCF Diagnostics & DNA Technologies"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII").

1

2. Defendant hired ALBURY on June 12, 2018 as the Director of Business Affairs & Development.

3. During her tenure at NCF Diagnostics & DNA Technologies, ALBURY received two salary increases for stellar job performance.

4. ALBURY's initial salary was $65,000, and it increased to $90,000, and thirty (30) days thereafter her salary increased to $165,000.

5. ALBURY was promoted from Director to Senior Vice President of Business Affairs & Development.   ALBURY was often recognized in weekly staff meetings for her exemplary work.

6. Despite ALBURY's many accomplishments, Defendant subjected her to racial and sex discrimination in the workplace.

7. ALBURY reported racial and sex discrimination to the perpetrator, Adrian F. Harper, Sr, the Founder, President and Chief Executive Officer ("CEO") ("Mr. Harper"), Ishamel Rentz, Former Chief Operating Officer ("COO") ("Mr. Rentz"), and Chinelo Akobundo, Risk Officer and Legal Counsel ("Ms. Akobundo").

8. In retaliation of ALBURY's reports of race and sex discrimination, ALBURY was terminated on February 25, 2020.

## JURISDICTION

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under Title VII.

## VENUE

10. Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3), in that the unlawful employment practice was committed in Florida, 42 U.S.C. § 2000e-5(f)(3), in that the relevant employment records are maintained in this district, 42 U.S.C. § 2000e-5(f)(3), in that ALBURY worked in this district and would have continued to if the issues discussed herein had not occurred.

11. The DEFENDANT has its principal office in this district, and there is no other district that has a substantial connection to the claim.

## CONDITIONS PRECEDENT

12. In or around April 29, 2020, ALBURY timely filed a charge of racial and sex discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC).

13. On or about February 8, 2021, the EEOC issued ALBURY a Notice of Right to Sue.

14. This Complaint has been filed within 90 days of receipt of that notice.

15. ALBURY has fully complied with all prerequisites to jurisdiction in this Court under Title VII.

## PARTIES

16. ALBURY is a Black woman who is domiciled in Alachua, Florida. ALBURY is a citizen of the United States of America.

17. ALBURY was an employee, as defined by Title VII.

18. Upon information and belief, NCF Diagnostics & DNA Technologies is an employer as defined by Title VII and whose principal place of business is in Alachua, Florida.

## FACTS

19. ALBURY experienced a sex and racially hostile environment and was terminated in violation of Title VII of the Civil Rights Act of 1964, as amended.

20. On or around July 25, 2018, ALBURY notified Defendant, specifically Mr. Harper, that she was a survivor of domestic violence and that his aggressive behavior was a trigger. She also advised Mr. Harper that his behavior was unacceptable and that he was putting his company at risk by exposing everyone to his behavior.

21. ALBURY was originally assigned to report directly to Mrs. Harper (also known as "Zodie"), Mr. Harper's wife.

22. On or around May, 2019, ALBURY was re-assigned to report directly Mr. Harper, as her reporting supervisor.

4

23. ALBURY notified Defendant that she had witnessed behavior of Mr. Harper, which she considered to be both racial and sex discrimination in the workplace that included the following:

**RACIAL DISCRIMINATION**:

a. Mr. Harper would often use the word, "nigger" in meetings and in causal conversation.  For example, Mr. Harper said to ALBURY, in the presence of another employee, "They got stuff 'nigger-rigged'."

b. Mr. Harper would also use the racial slur in front of community stakeholders during meetings.  For example, Mr. Harper would say white people thought, "That nigger is crazy" because he built such wealth. ALBURY raised complaints about his Mr. Harper's use of the racial slur to the Former Chief Operating Officer, Ishamel Rentz, to no avail. ALBURY reported that the use of the "nigger" word offended her as a Black employee.

c. While on a business trip with Mr. Harper, on or around Sunday, September 8, 2019, ALBURY told Mr. Harper, "When I first arrived at the Company, I was proud to be a part of a team that was predominately people of color." To which, Mr. Harper responded, "I have to get rid of the niggers because they've messed my company up."  Upon return to the states, several black employees included including but not limited to, the

5

acting COO Ishamel Rentz, HR Manager Gloria Dennis, Revenue Cycle Manager LT Johnson, and Credentialing Manager Talonda Johnson, were all terminated.

**SEX DISCRIMINATION**:

d. Throughout the workplace, women knew "not to expect respect from the CEO." ALBURY learned that women were treated differently than men and an intense disrespect for women was shown by Mr. Harper.

e. Mr. Harper was demeaning and violent towards female employees, including his wife, Zodie.

f. ALBURY, and other employees, often witnessed Mr. Harper throwing and breaking things while in the presence of his wife, Zodie.

g. On or around March 20, 2019, ALBURY was in a meeting where Mr. Harper said he was tired of Zodie (Mr. Harper's wife and a Black female employee of the Company) undermining him. He slammed his hand on the table and ordered everyone to leave the conference room immediately, except for Zodie. ALBURY was afraid for Mrs. Harper's life. Mrs. Harper threw her phone at Mr. Harper. Several employees had to restrain Mr. Harper to keep him attacking her. The former Chief Operating Officer, Zeriah Folston, ALBURY's direct supervisor, advised Mrs. Albury not to call the police as not to make a scene at the place of business.

h. On July 24, 2018, there was another intense sex provoked situation occurred during an executive meeting.  Mr. Harper told Zodie (a female employee of the Company): "haven't I told you to keep your mouth shut when I am talking? I need you to zip it! Do you understand me?!" It was obvious that Zodie was afraid as was everyone else in the room, including ALBURY.

24. ALBURY's experience with the Defendant, specifically Mr. Harper resulted in lack of sleep, anxiety, and intense stress requiring medical intervention.

25. ALBURY suffered from abnormally high stress, mental anguish, and anxiety.

## Retaliation in Violation of Title VII of the Civil Rights Act of 1964

## (42 U.S.C. §§ 2000e et al.)

26. ALBURY repeats and realleges paragraphs 1 through 23 hereof, as if fully set forth herein.

27. Numerous times, ALBURY complained to Defendant about unlawful race and sex discrimination.  The complaints included but are not limited to:

   a. On or around August 31, 2018 and March 12, 2019, ALBURY engaged in protected activity by complaining to Mr. Rentz regarding racial and sex discrimination in the workplace.

   b. On or around July 25, 2018, ALBURY engaged in protected activity by complaining to Mr. Harper, regarding racial and sex discrimination

in the workplace.

c.  On or around July 24, 2018, September 18, 2018; and June 28, 2019, ALBURY engaged in protected activity by complaining to Ms. Akobundo regarding racial and sex discrimination in the workplace.

28. As a result of ALBURY's reports of racial and sex discrimination, she was retaliated against, interrogated, and terminated.

29. For example, on February 24, 2020, ALBURY was subjected to an interrogation with the Vice President of Human Resources, Brandon Lebonte; Vice President of Business Affairs, Dave Brewer; and Human Resources Associate, Lanell Atkins.  ALBURY was asked had she withheld information from leadership, and she replied, "No, I have not."

30. Defendant terminated ALBURY on February 25, 2020.

31. After ALBURY's termination, Defendant attempted to justify ALBURY's termination by sending ALBURY two separate termination letters which unjustifiably stated that ALBURY was terminated because she withheld company information.

32. ALBURY suffered damages as a result of Defendant's unlawful retaliatory actions, including emotional distress, anxiety, past and future lost wages and benefits, retirement benefits, medical costs, and the costs of bringing this action.

33. Defendant intentionally violated ALBURY's rights under Title VII with malice or reckless indifference and, as a result, is liable for punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for her past and future loss of wages and benefits, retirement benefits, plus interest;

C. In lieu of reinstatement, award Plaintiff front pay (including benefits);

D. Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest;

E. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

F. Award to Plaintiff compensatory damages;

G. Award to Plaintiff punitive damages; and

H. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated this 17th day of March 2021.

Light Path Law, P.A.
*Attorney for Plaintiff*
3620 Colonial Blvd. #130
Fort Myers, FL 33966
Phone: (239) 689-8481
Fax: (239) 294-3930
dclark@lightpathlaw.com (Primary)
cirick@lightpathlaw.com (Secondary)

By:_____

    Danielle N. Clark, Esq.
    Florida Bar No. 1022298

10